Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-3351
rszyba@seyfarth.com

Lawrence E. Butler (*pro hac vice* forthcoming)
M. Ryan Pinkston (*pro hac vice* forthcoming)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 544-1059
lbutler@seyfarth.com
rpinkston@seyfarth.com

Attorneys for Defendant
PharmaCare US Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | (previously pending in the Superior Court of New Jersey, Bergen County, Law Division as BER-L-2618-17) |
| PHARMACARE US INC., | **NOTICE OF REMOVAL** |
| Defendant. | |

TO:    Clerk of the Court
       United States District Court for the District of New Jersey
       Martin Luther King Building & U.S. Courthouse
       50 Walnut Street
       Newark, New Jersey 07101

       **PLEASE TAKE NOTICE** that Defendant PharmaCare US Inc. ("PharmaCare"), by its

attorneys, Seyfarth Shaw LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, hereby

removes to this Court the above-captioned action from the Superior Court of New Jersey, Bergen County, Law Division (the "State Court Action").  In support of removal, PharmaCare states as follows:

## THE REMOVED CLASS ACTION COMPLAINT

1.      On or about April 17, 2017, Plaintiff Harold M. Hoffman ("Hoffman"), an attorney licensed in the State of New Jersey, filed on behalf of himself and purportedly on behalf of a class of similarly situated persons, a Complaint and Jury Demand in Class Action (the "Class Action Complaint").

2.      The Class Action Complaint named PharmaCare as Defendant and was filed in the Superior Court of New Jersey, Bergen County, Law Division.  The Class Action Complaint is styled *Harold M. Hoffman, individually and on behalf of those similarly situated, v. PharmaCare US Inc.*, Docket No. BER-L-2618-17.

3.      True and correct copies of the Class Action Complaint and the Summons served upon PharmaCare, the only pleadings served upon PharmaCare to date, are submitted herewith as **Exhibit A**.  To date, PharmaCare has filed no pleadings in the State Court Action.

4.      PharmaCare was not served with a copy of the Class Action Complaint until April 19, 2017.  Pursuant to 28 U.S.C. § 1446(b), PharmaCare must remove the State Court Action to this Court on or before May 19, 2017.  Thus, this notice of removal is timely filed.

5.      In the Class Action Complaint, Hoffman alleges that he brings his and others' claims "to redress nationwide injury inflicted by [PharmaCare] on the United States consumer public" by, *inter alia*, PharmaCare's advertising, marketing, distribution, and sale of "a homeopathic formulation called Sambucol Cold & Flue Relief ("Sambucol")[.]"  (Class Action Complaint, at 1-2 (preamble).)

6.      According to Hoffman, PharmaCare sold Sambucol to him in January of 2017, for a purchase price of $14.99, in a manner that violated the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 (the "CFA") and common law.  (Class Action Complaint, at ¶¶ 1, 16, 56.)

7.      Hoffman alleges that "[t]he proposed Class consists of all New Jersey residents who purchased [PharmaCare]'s Sambucol during the one year period preceding the filing of this suit."  (Class Action Complaint, at ¶ 32.)  Far from limiting the proposed class, however, Hoffman alleges that "[s]ubject to additional information obtained through further investigation and/or discovery, the definition of the Class *may be expanded* or narrowed."  (Class Action Complaint, at ¶ 32 (emphasis added).)  Indeed, Hoffman alleges a number of times that PharmaCare advertised, distributed, and sold Sambucol on a nationwide basis and inflicted nationwide injury (which PharmaCare denies).  (*See id.* at 1, ¶¶ 4, 9, 21, 25.)[1]

8.      The Class Action Complaint contains six separate counts and alleges that PharmaCare is liable to Hoffman and each class member for violating the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 (the "CFA") (Counts I through V) and for common law fraud through the advertisement, marketing, and sale of its product (Count VI).

9.      Hoffman seeks, as damages, "treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by N.J.S.A. 56:8-19, and any other and further relief as the Court deems just and proper."  (Class Action Complaint, at 19-21 (wherefore clauses for Counts I through V).)  Hoffman also seeks "damages in an amount to be proven at trial, as well as punitive damages, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper."  (Class Action Complaint, at 22-23 (wherefore clause for Count VI).)

---

[1] A strategic expansion of the class at a later point in time very well may provide this Court with original jurisdiction pursuant to the provisions of the Class Action Fairness Act.

10.     PharmaCare denies that it engaged in any wrongdoing or violated any law. PharmaCare also denies that Hoffman and the purported class members are entitled to any recovery in this action.

## REMOVAL JURISDICTION

11.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

12.     As set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the parties to this action are diverse in their citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I.     Diversity of Citizenship

13.     Hoffman is a citizen of the State of New Jersey.  (Class Action Complaint, at ¶ 1.)

14.     PharmaCare is a corporate entity existing under the laws of the State of Delaware and has its principal place of business in the State of California.  (Class Action Complaint, at ¶ 2.)  Thus, PharmaCare is a citizen of the States of California and Delaware.  *See* 28 U.S.C. § 1332(c)(1) (corporate citizenship in state of incorporation and state of principal place of business).

15.     Accordingly, the matter in controversy is between citizens of different States.  *See* 28 U.S.C. § 1332(a)(1).

## II.     Amount in Controversy

16.     Upon information and belief, as set forth below, the matter in controversy in this action exceeds $75,000, exclusive of interest and costs.

17.     In the Class Action Complaint, Hoffman does not specifically aver the amount in controversy, nor does he aver that the amount in controversy is less than the jurisdictional minimum.  (*See generally* Class Action Complaint.)  As such, this notice of removal serves the same function as the complaint would if filed in the district court." *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 197 (3d Cir. 2007) (citation omitted).  Additionally, "the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence." *Russ v. Unum Life Ins. Co.*, 442 F. Supp. 2d 193, 197 (D.N.J. 2006).

18.     Diversity jurisdiction exists here unless "it appears to a legal certainty that [Hoffman] ***cannot*** recover the jurisdictional amount." *Frederico*, 507 F.3d at 197 (relying on *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)).  As explained below, it is not beyond a legal certainty that Hoffman cannot recover in excess of $75,000, exclusive of interest and costs.

### A.     Hoffman's Settlement Demand

19.     As a preliminary matter, it is noteworthy that Hoffman cannot, in good faith, dispute that the amount in controversy in this action exceeds $75,000.  As set forth in the accompanying Declaration of Lawrence E. Butler, dated May 18, 2017 (a copy of which is attached hereto as **Exhibit B**) ("Butler Decl."), Hoffman and Mr. Butler, counsel for PharmaCare, discussed settlement after Mr. Hoffman had sent a copy of the unfiled Complaint to PharaCare and solicited a settlement discussion.  (Butler Dec., at ¶2, Exhibit 1 thereto.)  In a telephone conversation on April 3, 2017 between Mr. Butler and Mr. Hoffman, Hoffman offered to settle the Class Action Complaint for "somewhere close to six figures" and also in exchange for a covenant not to sue PharmaCare with respect to any of its products.  (*Id.* at ¶¶ 2-3, Exhibit 2

thereto.)2  Hoffman's pre-filing offer to resolve his claim for "somewhere close to six figures" establishes that the amount in controversy in the Class Action Complaint exceeds $75,000.

20.    To avoid all doubt, Hoffman's pre-filing settlement demand is relevant to this Court's evaluation of the amount in controversy for diversity jurisdiction purposes, and the Court is not precluded from considering the demand by Federal Rule of Evidence 408.  *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008); *Cohn v. Petsmart*, 281 F.3d 837, 840 n.3 (9th Cir. 2002) ("We reject the argument that [Rule 408] prohibits the use of settlement offers in determining the amount in controversy."); *Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994) ("Correspondence between parties . . . specifically has been held sufficient to support removal."); *Boone v. Save-a-Lot-Food Stores, Ltd.*, No. 13-cv-1792, 2013 U.S. Dist. LEXIS 79555, at *7-8 (D.N.J. June 6, 2013) (considering plaintiff's settlement memorandum); *Mitchell v. W. Union*, No. 06-cv-949, 2007 U.S. Dist. LEXIS 92621, at *2-3 n.2 (D.N.J. Dec. 18, 2007) (Linares, J.); *Stockton v. TD Bank Group*, No. 13-cv-2524, 2013 U.S. Dist. LEXIS 138534, at *6 (D.N.J. Sept. 9, 2013) (Falk, M.J.).

**B.    Damages Based on Relief Requested in Class Action Complaint.**

21.    Turning to the allegations of the Class Action Complaint, as noted above, Hoffman seeks to recover in this action (exclusive of interest and costs) the following categories of damages: (1) treble damages; (2) fees; (3) attorney's fees;3 (4) civil penalties;4 (5) damages in an amount to be proven at trial; and (6) punitive damages.

---

2 Hoffman's offer to execute a covenant not to sue may run afoul of, *inter alia*, Rule 5.6 of the New Jersey Rules of Professional Conduct and Rule 5.6 of the American Bar Association's Rules of Professional Conduct, both of which prohibit the "offering or making" of "an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between private parties."

3 It is not clear what distinction might exist between Hoffman's request for fees and his request for attorneys' fees.  Because it does not alter the result here, PharmaCare assumes *arguendo* that the two are synonymous.

### 1.     *Compensatory/Treble Damages*

22.     Hoffman's individual compensatory damages are admittedly modest.  Hoffman alleges that he purchased Sambucol for $14.99.  As a result, treble damages would total $44.97.  Accordingly, PharmaCare acknowledges that the compensatory damages at issue in this action are negligible for purposes of establishing the jurisdictional threshold for diversity jurisdiction.

23.     However, as explained below, Hoffman's pursuit of punitive damages, civil penalties, and attorney's fees demonstrate that it is not beyond a legal certainty that Hoffman cannot recover in excess of $75,000, exclusive of interest and costs.

### 2.     *Punitive Damages*

24.     Hoffman seeks punitive damages in connection with his claim for common law fraud (Count VI).  Demands for punitive damages are appropriately considered when determining the amount in controversy.  *See Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004).[5]  New Jersey law permits an award of punitive damages against a party that is liable for common law fraud.  *See Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 () ("Because Allen and Ellen are liable for common-law fraud, they are subject to punitive damages.").

25.     New Jersey law also provides that "[n]o defendant shall be liable for punitive damages in any action in an amount in excess of five times the liability of that defendant for compensatory damages or $350,000, whichever is greater."  N.J.S.A. § 2A:15-5.14(b).  Although

---

[4] It is doubtful that Hoffman is entitled to pursue and recover "civil penalties" in connection with his claims under the CFA.  *See Hoffman v. Barlean's Organic Oils, LLC*, No. 14-3770, 2014 U.S. Dist. LEXIS 141983, at *6-9 (D.N.J. Sept. 10, 2014).  Notably, in *Barlean's Organic Oils*, Hoffman argued in support of remand and in opposition to removal that a private litigant cannot recover civil penalties under the CFA.  *Id.*  Hoffman nonetheless included a demand for civil penalties in his Class Action Complaint here.

[5] As the Third Circuit explained in *Golden*, "[c]laims for punitive damages may be aggregated with claims for compensatory damages unless the former are patently frivolous and without foundation."  *Id.*  As a result, any conclusion by the Court that punitive damages may not be considered here should be accompanied by an express finding that Hoffman's request for punitive damages is patently frivolous.

PharmaCare denies that Hoffman is entitled to any punitive damages (or any damages whatsoever), the possibility that Hoffman could be awarded up to $350,000 in punitive damages on his common law fraud claim (Count VI) necessarily means that it is not beyond a legal certainty that Hoffman cannot recover in excess of $75,000, exclusive of interest and costs.  *See Frederico*, 507 F.3d at 197.

26.    Indeed, in light of the somewhat unpredictable nature of punitive damages awards, the Third Circuit has explained that "[i]f appropriately made, . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."  *Id.*; *see also Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (same).

27.    Hoffman alleges repeatedly that PharmaCare's advertising, distribution, and sale of its product is based on "therapeutic claims that are entirely false and lacking in even a scintilla of objective truth."  (Class Action Complaint, at 1 (preamble).)  He further states that PharmaCare's "claims, promises and representations with respect to Sambucol, its nature and purported efficacy, are bogus fabrications, lacking in even a scintilla of scientifically-objective truth."  (*Id.* at 2.)  And, he alleges deceptive, unconscionable trade practices that injured consumers nationwide.  (*Id.* at 24-25.)  PharmaCare denies and disputes each and every one of Hoffman's scandalous allegations, but the inflammatory nature of Hoffman's statements makes a significant punitive damages award at least conceivable for purposes of determining the amount in controversy.

### 3.    *Civil Penalties*

28.    Hoffman also seeks civil penalties in connection with his claims under the CFA (Counts I through V).  Although it seems doubtful that a private litigant may recover civil penalties under the CFA (*see supra*, at n.4), Hoffman nonetheless requests civil penalties in his

Class Action Complaint. In the absence of controlling precedent on all fours with the instant circumstances, Hoffman's request for civil penalties should be considered in evaluating the amount in controversy in this action. *See McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729 (11th Cir. 2014) (reversing district court's grant of remand, noting district court's error in refusing to consider punitive damages for fraud claims district court thought unmeritorious, and explaining jurisdictional analysis does not factor in merits of claims absent finding of bad faith); *Frederick v. Hartford Underwriters Insurance Co.*, 683 F.3d 1242, 1248 n.4 (10th Cir. 2012) (collecting cases that hold amount in controversy inquiry does not consider merits of claims); *Johnson v. Wattenbarger*, 361 F.3d 991 (7th Cir. 2004) (court cannot decide merits of claim, whittle down amount in controversy, and then conclude suit falls below jurisdictional threshold).

29.     The CFA provides as follows:

> Any person who violates any of the provisions of the act to which this act is a supplement shall, in addition to any other penalty provided by law, be liable to a penalty of not more than $10,000 for the first offense and not more than $20,000 for the second and each subsequent offense. The penalty shall be exclusive of and in addition to any moneys or property ordered to be paid or restored to any person in interest pursuant to [§ 56:8-14] or [§ 56:8-15].

N.J.S.A. § 56:8-13. According to the Class Action Complaint, PharmaCare engaged in a pattern of advertising, marketing, distribution, sales, and product labeling that repeatedly violated the CFA. (*See, e.g.*, Class Action Complaint, at ¶¶ 9, 10, 16.) Based on the penalties set forth in the foregoing statute, merely five offenses ($10,000 + $80,000) would result in the amount in controversy exceeding $75,000. Hoffman's Class Action Complaint is replete with allegations that PharmaCare's advertising and distribution of Sambucol violated the CFA, which makes plain that more than five offenses are at issue in the Class Action Complaint.

30.     N.J.S.A. § 56:8-14.3(a) provides additional penalties for violations of the CFA directed toward senior citizens: (1) "[a] penalty of not more than $10,000 if the violation caused

the victim pecuniary injury and the person knew or should have known that the victim is a senior

citizen or a person with a disability;" or (2) "[a] penalty of not more than $30,000 if the violation

was part of a scheme, plan, or course of conduct directed at senior citizens or persons with

disabilities in connection with sales or advertisements."  It is not clear from the Class Action

Complaint whether Hoffman seeks the imposition of civil penalties based on the foregoing

provisions or whether Hoffman is a senior citizen, but this statute would only serve to increase

the amount in controversy.

31.    Based on the foregoing, it does not appear to a legal certainty that Hoffman

cannot recover in excess of $75,000.

### 4.    Attorney's Fees

32.    Hoffman also seeks to recover attorney's fees in connection with all six counts of

the Class Action Compaint.  The CFA provides, in pertinent part, as follows:

> In any action under this section the court shall, in addition to any other
> appropriate legal or equitable relief, award threefold the damages sustained by
> any person in interest. In all actions under this section, including those brought by
> the Attorney General, the court shall also award reasonable attorneys' fees, filing
> fees and reasonable costs of suit.

N.J.S.A. § 56:8-19.

33.    Because the CFA permits a prevailing plaintiff to recover attorneys' fees,

attorneys' fees are considered when calculating the amount in controversy.  *See, e.g.*, *Suber v.*

*Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[A]ttorney's fees are necessarily part of the

amount in controversy if such fees are available to successful plaintiffs under the statutory cause

of action.") (citation omitted).

34.    As the Third Circuit explained in *Frederico*, based on a study of class actions

resolved or settled over a four-year period, "[f]ees could be as much as thirty percent of the

judgment."  507 F.3d at 199 (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 303 (3d Cir.

2005)).  Of course, if this class action does not settle, the amount of fees at issue will be significantly higher.

35.     In any event, based on the 30% estimate, a judgment in the modest amount of $57,692.32 for treble damages, civil penalties, and punitive damages would result in fees of approximately $17,307.69.  Combining these two figures yields an amount in controversy of $75,000.01, which satisfies the minimum for diversity jurisdiction purposes.

36.     Additionally, in 2012, Hoffman's normal billing rate was $475 per hour.  (*See* Declaration in Support of Motion for Award of Attorney's Fees, dated June 20, 2012 (copy attached hereto as **Exhibit C**), filed at Docket No. 26-2 in *O'Brien v. Brain Research Labs, LLC*, No. 12-cv-204 (D.N.J.) (seeking $75,000 in attorney's fees)).  Presumably, Hoffman has increased his hourly rate since 2012, but even utilizing the conservatively low figure of $475 per hour, Hoffman would only need to bill 158 hours in order to exceed the $75,000 jurisdictional threshold with attorney's fees alone.  Hoffman's prosecution of his claims requiring less attorney time than 158 hours is not beyond a legal certainty.

37.     Based on the above, it is not a legal certainty that the amount in controversy cannot exceed $75,000, exclusive of costs and interest.  Indeed, it is reasonably anticipated that Hoffman will incur legal fees in excess of the jurisdictional threshold.

## OTHER REMOVAL REQUIREMENTS

38.     As set forth above (*see supra*, at ¶ 4), this notice is filed within thirty days of service of the Class Action Complaint and is thus timely filed pursuant to 28 U.S.C. § 1446(b).

39.     Pursuant to 28 U.S.C. § 1441(a), removal to this Court is proper because the State Court Action is pending before the Superior Court of New Jersey, Bergen County, and this Court sits in the district embracing Bergen County, New Jersey.

40.     As PharmaCare is the only defendant in this action, no defendant is a citizen of New Jersey, and none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action was brought.  *See* 28 U.S.C. § 1441(b)(2).

41.     Pursuant to 28 U.S.C. §1446, PharmaCare is filing written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division.  PharmaCare will also serve a copy of the notice filed with the Superior Court of New Jersey on counsel for all adverse parties.

## RESERVATION OF RIGHTS AND DEFENSES

42.     By filing this Notice of Removal, PharmaCare does not waive any rights or defenses available at law, in equity, or otherwise.

## CONCLUSION

43.     It does not appear to a legal certainty that Plaintiff cannot recover in excess of $75,000.00 on his claims.  Because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the action pursuant to 28 U.S.C. §1441(b).

WHEREFORE, PharmaCare respectfully requests that the above-referenced civil action proceed in the United States District Court for the District of New Jersey, Newark Vicinage as an action properly removed thereto.

Dated: May 18, 2017                        Respectfully submitted,

                                           SEYFARTH SHAW LLP

                                           */s/ Robert T. Szyba*
                                           Robert T. Szyba
                                           620 Eighth Avenue
                                           New York, New York 10018
                                           Telephone: (212) 218-3351
                                           rszyba@seyfarth.com

                                           Attorney for Defendant

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that to the best of my knowledge, the

matter in controversy is not the subject of any other action pending in any court, arbitration, or

administrative proceeding.

Dated: May 18, 2017

_/s/ Robert T. Szyba_
Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 218-3351
rszyba@seyfarth.com

Attorney for Defendant

38912289v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2017, a true and correct copy of DEFENDANT'S NOTICE OF REMOVAL WITH EXHIBIT A, AND CIVIL COVER SHEET were electronically filed with the Clerk of the District Court and served upon the Plaintiff, *pro se*, at the following address via Federal Express:

Harold M. Hoffman, Esq.
240 Grand Avenue
Englewood, NJ 07631
(201) 569-0086


*/s/ Robert T. Szyba*
Robert T. Szyba

38912289v.1